IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3041-D

JORGE GALEAS, JR.–MENCHÚ[1], )
)
Plaintiff, )
)
v. ) **ORDER**
)
FNU GRAY, et al., )
)
Defendants. )

On February 14, 2013, Jorge Galeas, Jr.–Menchú[1] ("Galeas" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Plaintiff has not paid the filing fee or submitted an application to proceed in forma pauperis, as the Prison Litigation Reform Act ("PLRA") requires him to do, and on February 19, 2013, Magistrate Judge William A. Webb directed Galeas to pay the filing fee or complete an in forma pauperis application or face dismissal of the case [D.E. 2]. On February 28, 2013, Galeas filed an affidavit concerning his corporate status [D.E. 3]. On March 12, 2013, Galeas moved to amend his complaint [D.E. 4]. On March 18, 2013, Galeas filed a motion for discovery [D.E. 5] and a motion for reconsideration [D.E. 6].[2] On May 2,

---

[1] The North Carolina Department Public Safety spells plaintiff's last name as "Gevara." See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0655559 (last visited May 2, 2013).

[2] It is not clear what Galeas asks the court to reconsider. To the extent Galeas objects to paying any portion of the filing fee, see [D.E. 3] 4–5 (arguing that "the . . . PLRA hinder[s] plaintiff judicial constitutional rights and due process of law" and that plaintiff is entitled to "free access to all judicial courts of the several states" as a "sovereign private civilian inhabitant[]"), his citizenship does not exempt him from the PLRA. See Galeas v. Beck, No. 5:10-CT-3086-D, [D.E. 9] 2 (E.D.N.C. Oct. 31, 2011); Galeas v. Neely, No. 3:10cv599, 2010 WL 4975497, *1 n.2 (W.D.N.C. Dec. 1, 2010) (unpublished).

2013, Galeas filed a motion to "dismiss this complaint with prejudice in order that plaintiff can reject and accept for value the order as is required by UCC 3-419 and by public policy HJR 192" [D.E. 7].

As for Galeas's motion to amend, a party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Galeas's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Galeas's motion to amend [D.E. 4] is granted, and the court reviews all of Galeas's filings together.

Galeas's original complaint alleges that he was "kidnapped" when the Department of Public Safety transferred him from Lanesboro Correctional Institution to Pasquotank Correctional Institution, and challenges defendants' frequent searches of his person as "unprofessional" and "humiliat[ing], degrad[ing], and provok[ing.]" Compl. [D.E. 1] 3–5. On March 12, 2013, Galeas filed a motion to amend his complaint, which seeks to add a number of defendants he believes responsible for the searches and generally describe what he considers to be a "campaign of harassment and retaliation with the intent to kidnap and punish[]" involving many issues in addition to frequent searches, including the "intentional[]" closing of doors, "extremely hot or extremely cold" cells, nighttime kidnappings of "some of us"[3] to the segregation unit, denied requests for "blue, red, purple and gold ink pens to authenticate my legal documents," strict time limits on eating, and the inability to place items in cell windows to block correctional officers' view into cells. Am.

---

[3] To the extent Galeas attempts to bring any claim on behalf of any other prisoner, plaintiff is not a lawyer, and may not assert any claim on behalf of another prisoner. See Myers v. Louden Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

2

Compl. [D.E. 4] 5–18. Generally, Galeas contends all of these acts are illegal because he is

> a child of the creative force, Elohim, who created everything that is, was or shall ever be; an heir of the Great Mother, Elohim; and therefore, plaintiff's citizenship is on the soil . . . and so plaintiff is sovereign[.]

[D.E. 3] 7; see also [D.E. 1] 7 ("the PLRA does not apply to [plaintiff] because he is not a 14th Amendment citizen"); Am. Compl. 2 (plaintiff "is an indigenous sovereign of Maya descent from Central America . . . who is unlawfully restraint [sic] of his sovereignty"). In addition to declaratory and injunctive relief, Galeas seeks between $100,000 and $300,000 from each defendant plus "$535 million[] in USA .999 fine gold and silver coin against defendant North Carolina Department of Public Safety only, under the common law pursuant to Title 12 Sections 211-212." Am. Compl. 37–38.

Galeas is a familiar litigant to the district courts of North Carolina, having filed at least thirty-two actions in four years. See Admin. Office of the U.S. Courts, PACER Case Locator, www.pacer.gov (search both "Galeas" and "Gevara"). On November 28, 2012, the Western District of North Carolina dismissed as malicious an action that Galeas filed, and noted that it was Galeas's third strike in that district. Galeas v. Previtire, No. 3:11-cv-582-RJC, 2012 WL 5985667, at *3 (W.D.N.C. Nov. 28, 2012) (unpublished).

The PLRA's three-strikes provision allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999). Galeas has filed at least three actions that courts have

3

dismissed as frivolous or malicious. See Galeas, 2012 WL 5985667; Galeas v. Byrd, No. 3:11-cv-543-RJC, 2011 WL 6370373 (W.D.N.C. Dec. 20, 2011) (unpublished), aff'd, 469 F. App'x 236 (4th Cir. 2012) (per curiam) (unpublished); Galeas v. Hamilton, No. 3:11-cv-587-RJC, 2011 WL 5971059 (W.D.N.C. Nov. 29, 2011) (unpublished), aff'd, 469 F. App'x 230 (4th Cir. 2012) (per curiam) (unpublished).

To avoid dismissal, Galeas must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of section 1915(g). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. Galeas's allegations that the searches and other actions by defendants cause "extreme emotional destress [sic]" [D.E. 1] 5, and other emotional harms, see id. 7, 18; Am. Compl. 5, 31, fail to demonstrate that Galeas is presently under imminent danger of serious physical injury. See, e.g., Polanco v. Hopkins, 510 F.3d 152, 155 (2d Cir. 2007); Banos v. O'Guin, 144 F.3d 883, 884–85 (5th Cir. 1998) (per curiam); Buchanan v. Clark, No. 1:09-cv-2029-LJO-MJS (PC), 2012 WL 6726535, at *2 (E.D. Cal. Dec. 27, 2012) (unpublished), report and recommendation adopted, 2013 WL 594309 (E.D. Cal. Feb. 14, 2013) (unpublished); Calton v. Wright, No. 6:12cv344, 2012 WL 3135675, at *5 (E.D. Tex. Aug. 1, 2012) (unpublished); Beasley v. Holman, No. 6:10cv660, 2011 WL 2690128, at *1–3 (E.D. Tex. July 11, 2011) (unpublished). Galeas's allegation concerning the various ink pens he believes he needs to authenticate legal documents likewise fails. See, e.g., Chase v. O'Malley, 466 F. App'x 185, 186–87 (4th Cir. 2012)

4

(per curiam) (unpublished). Thus, Galeas has not made a colorable showing that this action should proceed under the exception to the three-strikes rule.

Galeas's motion for voluntary dismissal does not alter the court's conclusion. Although Galeas is entitled to dismiss this action without an order of the court because defendants have not filed an answer or a motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i), he does not thereby avoid the consequences of section 1915(g). See Hines v. Graham, 320 F. Supp. 2d 511, 524–26 (N.D. Tex. 2004) ("[A]llowing a prisoner to voluntarily dismiss a complaint during screening and especially after the screening has been completed will allow prisoners to frustrate Congress's intent behind enacting the PLRA."); Sumner v. Tucker, 9 F. Supp. 2d 641, 643 (E.D. Va. 1998) ("Thus, while [plaintiff] enjoys a right to voluntarily dismiss the [§ 1983] action, the right is subject to the provisions of the Prison Litigation Reform Act . . . ."); see, e.g., Galeas, 2011 WL 6370373, at *3 (finding that "[p]laintiff's abuse of the legal process provides grounds on which to dismiss his Complaint as malicious.").

In sum, the court GRANTS plaintiff's motions to amend [D.E. 4] and for voluntary dismissal [D.E. 7], DENIES plaintiff's motions for discovery and reconsideration [D.E. 5–6], and DISMISSES plaintiff's action under 28 U.S.C. § 1915(g). The clerk shall close the case.

SO ORDERED. This 6 day of May 2013.

JAMES C. DEVER III
Chief United States District Judge

5

Case 5:13-ct-03041-D   Document 8   Filed 05/06/13   Page 5 of 5